UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

                     Plaintiff,

v.

GENESIS PETROLEUM, INC.,
TECHNIC MANAGEMENT, INC.,
GULDEN INC.,
2664 RT 112 REALTY CORP.,
607 STATION ROAD REALTY INC.,
1000 MOTOR PARKWAY CENTRAL ISLIP LLC,
616 BROADWAY LLC,
FREEPORT REALTY LLC,
199 E. SUNRISE HIGHWAY REALTY CORP.,
465 NASSAU ROAD REALTY CORP.,
CAMLICA, INC.,
KUCUKBEY CORP.,
NORTH COUNTRY ROAD REALTY LLC,
ELIZABETH NJPO LLC,
ELIZABETH NJPG LLC,
PERTH AMBOY NJPO LLC,
PERTH AMBOY NJPG LLC,
NEWARK NJPO LLC,
NEWARK NJPG LLC,
NORTH BERGEN NJPO LLC, and
NORTH BERGEN NJPG LLC,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CONSENT JUDGMENT**
**CV 19 3340**

**SEYBERT, J.**
**SHIELDS, M.J.**

TABLE OF CONTENTS

I.      JURISDICTION AND VENUE ................................................................................................. 3
II.     APPLICABILITY ...................................................................................................................... 4
III.    DEFINITIONS ........................................................................................................................... 5
IV.     CIVIL PENALTY ...................................................................................................................... 6
V.      COMPLIANCE REQUIREMENTS ......................................................................................... 7
VI.     REPORTING REQUIREMENTS ........................................................................................... 11
VII.    STIPULATED PENALTIES .................................................................................................... 13
VIII.   FORCE MAJEURE .................................................................................................................. 16
IX.     DISPUTE RESOLUTION ....................................................................................................... 18
X.      INFORMATION COLLECTION AND RETENTION ........................................................... 21
XI.     EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS ............................................... 23
XII.    COSTS ...................................................................................................................................... 24
XIII.   NOTICES .................................................................................................................................. 25
XIV.    EFFECTIVE DATE .................................................................................................................. 26
XV.     RETENTION OF JURISDICTION ......................................................................................... 26
XVI.    MODIFICATION ..................................................................................................................... 26
XVII.   TERMINATION ....................................................................................................................... 27
XVIII.  PUBLIC PARTICIPATION .................................................................................................... 27
XIX.    SIGNATORIES/SERVICE ...................................................................................................... 28
XX.     INTEGRATION ....................................................................................................................... 28
XXI.    FINAL JUDGMENT ............................................................................................................... 29
XXII.   26 U.S.C. § 162(f)(2)(A) IDENTIFICATION ....................................................................... 29
XXIII.  APPENDIX ............................................................................................................................... 29

Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a complaint in this action on June 3, 2019, alleging that Defendants [(a) Genesis Petroleum, Inc.; (b) Technic Management, Inc.; (c) Gulden Inc.; (d) 2664 RT 112 Realty Corp.; (e) 607 Station Road Realty Inc.; (f) 1000 Motor Parkway Central Islip LLC; (g) 616 Broadway LLC; (h) Freeport Realty LLC; (i) 199 E. Sunrise Highway Realty Corp.; (j) 465 Nassau Road Realty Corp.; (k) Camlica, Inc.; (l) Kucukbey Corp.; (m) North Country Road Realty LLC; (n) Elizabeth NJPO LLC; (o) Elizabeth NJPG LLC; (p) Perth Amboy NJPO LLC; (q) Perth Amboy NJPG LLC; (r) Newark NJPO LLC; (s) Newark NJPG LLC; (t) North Bergen NJPO LLC; and (u) North Bergen NJPG LLC] collectively and individually violated provisions of the Solid Waste Disposal Act, as amended by various laws, including the Resource Conservation and Recovery Act ("RCRA") and the Hazardous and Solid Waste Amendments of 1984 ("HSWA"; collectively, "the Act"), 42 U.S.C. § 6991, *et seq*., and regulations promulgated pursuant thereto and codified at 40 C.F.R. Part 280, with regard to the following facilities (automobile fueling stations):   (a) 2664 Route 112, Medford, New York (sometimes referred to as the "Medford Facility"); (b) 607 Station Road, Bellport, New York (sometimes referred to as the "Bellport Facility"); (c) 87 North Country Road, Miller Place, New York (sometimes referred to as the "Miller Place Facility"); (d) 616 Route 110 (Route 110 is also known as Broadway Road), Amityville, New York (sometimes referred to as the "Amityville Facility"); (e) 6077 Jericho Turnpike, Commack, New York (sometimes referred to as the "Commack Facility"); (f) 199 E. Sunrise Highway, Freeport, New York (sometimes referred to as the "Sunrise Highway Facility"); (g) 131 West Merrick Road, Freeport, New York (sometimes referred to as the "West Merrick Facility"); (h) 465 Nassau Road, Roosevelt, New York (sometimes referred to as the "Roosevelt Facility");  (i) 261 East Merrick Road, Freeport, New York (sometimes referred to as the "East

Merrick Facility"); (j) 507 Bayway Avenue, Elizabeth, New Jersey (sometimes referred to as the "Elizabeth Facility"); (k) 163 Fayette Street, Perth Amboy, New Jersey (sometimes referred to as the "Perth Amboy" Facility); (l) 66 Bloomfield Avenue (sometimes listed as 66-80 Bloomfield Avenue), Newark, New Jersey (sometimes referred to as the "Newark Facility"); and (m) 8012 Tonnelle Avenue, North Bergen, New Jersey (sometimes referred to as the "North Bergen Facility").

The Complaint alleges that Defendants, at those facilities in which any such Defendant(s) owned and/or operated underground storage tanks ("UST") that contained substances such as gasoline or diesel fuel (and/or presently own and operate), failed to comply with requirements mandated by Subtitle I of RCRA and 40 C.F.R. Part 280, and thus violated such requirements, as follows: (a) the failure to provide overfill prevention system for new UST systems, a violation of 40 C.F.R. § 280.20(c); (b) the failure to cooperate fully with EPA personnel during their official inspections of UST systems, a violation of Section 9005 of the Act, 42 U.S.C. § 6991d, and 40 C.F.R. § 280.34; (c) the failure to provide release detection for the USTs, a violation of 40 C.F.R. § 280.41(a); (d) the failure to provide a method of release detection for the pressurized piping connected to the USTs (*i.e.* the failure to provide either annual line tightness testing or monthly monitoring of the pressurized piping), a violation of 40 C.F.R. § 280.41(b)(1)(i)(B); (e) the failure timely to conduct annual automatic line leak detector (ALLD) testing for the pressurized piping, a violation of 40 C.F.R. § 280.44(a); (f) the failure to equip USTs that were (are) connected to underground pressurized piping with an ALLD, a violation of 40 C.F.R. § 280.41(b)(1)(i)(A); (g) the failure to maintain records of release detection, a violation of 40 C.F.R. § 280.34 and 40 C.F.R. § 280.45; (h) the failure to continue release detection for USTs temporarily taken out of service, a violation of 40 C.F.R. § 280.70(a); (i) the failure timely to report a suspected release of a regulated

substance (such as gasoline or diesel fuel) to the relevant state or local agency with jurisdiction for such matters, a violation of 40 C.F.R. § 280.50(c); (j) the failure to use an UST system made or lined with materials compatible with the regulated substances (such as gasoline or diesel fuel) stored in such USTs, a violation of 40 C.F.R. § 280.32(a); and (k) the failure to meet applicable financial responsibility requirements (for the taking of any necessary corrective action and/or for compensating third-parties for bodily injury and property damage caused by accidental releases arising from the operation of USTs containing petroleum-derived products (such as gasoline or diesel fuel), a violation of 40 C.F.R. § 280.93(a) and 40 C.F.R. § 280.111. In addition, the Complaint alleges Defendants failed timely and completely to respond to Information Request Letters issued by EPA, a violation of Section 9005 of the Act, 42 U.S.C. § 6991d, and 40 C.F.R. § 280.34.

Defendants do not admit any liability to the United States arising out of the events and circumstances alleged in the Complaint.

The Parties recognize, and the Court by entering this Consent Judgment finds, that this Consent Judgment has been negotiated by the Parties in good faith and will avoid litigation between Plaintiff and the Defendants, and that this Consent Judgment is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

I.      JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action, pursuant to Section 9006(a)(1) of the Act, 42 U.S.C. § 6991e(a)(1), and 28 U.S.C. §§ 1331, 1345, and 1355, and over

the Parties. Venue lies in this District pursuant to Section 9006(a), 42 U.S.C. § 6991e(a), and 28

U.S.C. §§ 1391 and 1395 inasmuch as many of the violations occurred within this District. To the

extent certain violations occurred outside this District, such violations are properly asserted as part

of this proceeding pursuant to the pendent venue doctrine. The Regional Administrator of EPA,

Region 2, has been duly delegated the authority Congress vested in the Administrator of EPA in

Section 9006(a)(1), 42 U.S.C. § 6991e(a)(1). For purposes of this Consent Judgement, or any

action to enforce this Consent Judgment, Defendants consent to the Court's jurisdiction over this

Consent Judgment and any such action and over Defendants and consent to venue in this judicial

district.

2.     For purposes of this Consent Judgment, Defendants agree that the Complaint states

claims upon which relief may be granted pursuant to Sections 9005 and 9006 of the Act, 42 U.S.C.

§§ 6991d and 6991e.

## II.     APPLICABILITY

3.     The obligations of this Consent Judgment apply to and are binding upon the United

States, and upon Defendants and any successors, assigns, or other entities or persons otherwise

bound by law.

4.     If any Defendant transfers its ownership or operation of the USTs at any of the

Facilities, whether in compliance with the procedures of this Paragraph or otherwise, no such

transfer(s) shall relieve such Defendant of its obligation to ensure that the terms of this Consent

Judgment are implemented.   At least 30 Days prior to such transfer, such Defendant (or its

designated representative; hereinafter any reference to "Defendant(s)" includes their designated

representative) shall provide a copy of this Consent Judgment to the proposed transferee(s) and

shall simultaneously provide written notice of the prospective transfer, together with a copy of the

4

proposed written agreement, to EPA, DOJ and the United States Attorney for the Eastern District of New York, in accordance with Section XIII (Notices).  Any attempt to transfer ownership or operation of the USTs at any of the Facilities without complying with this Paragraph constitutes a violation of this Consent Judgement.

5.      Defendants shall provide a copy of this Consent Judgment to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this Consent Judgment, as well as to any contractor(s) retained to perform work required under this Consent Judgment.  Defendants shall condition any such contract upon performance of the work in conformity with the terms of this Consent Judgment.

6.      In any action to enforce this Consent Judgment, Defendants shall not raise as a defense the failure by any of their officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Judgment.

III.    DEFINITIONS

7.      Terms used in this Consent Judgment that are defined in the Act or in regulations promulgated pursuant to the Act have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Consent Judgment.  Whenever the terms set forth below are used in this Consent Judgment, the following definitions apply:

"Complaint" means the operative complaint filed by the United States in this action;

"Consent Judgment" or "Judgment" means this Judgment (and Appendix A attached hereto [listed in Section XXIII]);

"Day" means a calendar day unless expressly stated to be a business day. In computing any period of time for a deadline under this Consent Judgment, where the last day would fall on a

Saturday, Sunday, or federal holiday, the period runs until the close of business of the next business day;

"Defendants" means the entities named in the Complaint;

"DOJ" means the United States Department of Justice and any of its successor departments or agencies;

"EPA" means the United States Environmental Protection Agency and any of its successor departments or agencies;

"Effective Date" means the definition provided in Section XIV;

"Facilities" means facilities listed in Appendix A, each of which is subject to this Consent Judgment;

"Paragraph" means a portion of this Consent Judgment identified by an Arabic numeral;

"Parties" means the United States, and Defendants;

"Section" means a portion of this Consent Judgment identified by a Roman numeral; and

"United States" means the United States of America, acting on behalf of EPA.

IV.    CIVIL PENALTY

8.    Defendants shall pay a civil penalty in the amount of $250,000 as follows: (1) within 30 Days after the Effective Date, Defendants shall pay $60,000 without interest; (2) Defendants shall then make three annual payments to be due each year on the anniversary of the Effective Date, in the amounts of $60,000 (year 1), $60,000 (year 2), and $70,000 (year 3), together with per annum interest accrued on the principal balance for each period and starting from the Effective Date, at the U.S. Prime Rate as of the Effective Date.

9.    Defendants shall pay the civil penalty due by FedWire Electronic Funds Transfer ("EFT") to the DOJ account, in accordance with instructions provided to Defendants by the

Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Eastern District of New York after the Effective Date. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which Defendants shall use to identify all payments required to be made in accordance with this Consent Judgment. The FLU will provide the payment instructions to: Genesis Petroleum Inc., 99 Kero Road, Carlstadt, NJ 07072, Phone: 201-866-9000, kirisciogl@aol.com, on behalf of Defendants. Defendants may change the individual to receive payment instructions on their behalf by providing written notice of such change to DOJ and EPA in accordance with Section XIII (Notices).

10.     At the time of payment, Defendants shall send notice that payment has been made: (i) to EPA via email at cinwd_acctsreceivable@epa.gov or via regular mail at EPA Cincinnati Finance Office, 26 W. Martin Luther King Drive, Cincinnati, Ohio 45268; (ii) to DOJ via email or regular mail in accordance with Section XIII; and (iii) to EPA in accordance with Section XIII. Such notice shall state that the payment is for the civil penalty owed pursuant to the Consent Judgment in *United States v. Genesis Petroleum, Inc. et al* and shall reference the civil action number, CDCS Number and DOJ case number 90-7-1-11202.

11.     None of the Defendants shall deduct any penalties paid under this Consent Judgment pursuant to this Section or Section VII (Stipulated Penalties) in calculating federal income tax.

V.     COMPLIANCE REQUIREMENTS

12.     At any of the Facilities (*i.e.* those at which one or more Defendants own and/or operate (or have operational responsibility for) an UST(s)), such Defendant(s) shall ensure and maintain compliance with the requirement to:

[a] have a properly functioning and operational overfill prevention system (including external overfill alarm) in place for "new UST systems," as required by 40 C.F.R. § 280.20(c);

[b] cooperate fully with EPA designated or authorized inspectors during an EPA inspection of the USTs, as required by 40 C.F.R. § 280.34;

[c] have in use an adequately functioning and operational (and federally approved) method of release detection method, or combination of methods, that is capable of detecting a release from any UST containing a "regulated substance" such as gasoline or diesel fuel, as required by 40 C.F.R. §280.41(a).

[d] perform, for pressurized piping connected to USTs containing regulated substances such as gasoline or diesel fuel), annual line tightness testing or monthly monitoring, as required by 40 C.F.R. 280.41(b)(1)(i)(B);

[e] equip USTs connected to piping that conveys under pressure (*i.e.* pressurized piping) regulated substances such as gasoline or diesel fuel with an automatic line leak detector, as required by 40 C.F.R. § 280.41(b)(1)(i)(A);

[f] timely conduct annual testing of all automatic line leak detectors for the underground and pressurized piping attached to USTs, as required by 40 C.F.R. § 280.44(a);

[g] maintain records demonstrating compliance with release detection requirements for UST systems, as required by 40 C.F.R. § 280.34 and 40 C.F.R. § 280.45;

[h] have a functioning method of release detection for any UST(s) temporarily closed and that contain(s) more than 2.5 centimeters (one inch) of residue of regulated substances such as gasoline or diesel fuel, as required by 40 C.F.R. § 280.70(a);

[i] report to the appropriate implementing agency (the New York State Department of Environmental Conservation for USTs within New York State; the New Jersey Department of Environmental Protection for USTs within New Jersey) any suspected release(s) of regulated substances such as gasoline and diesel fuel, as required by 40 C.F.R. § 280.50;

[j] use an UST system made of or lined with materials compatible with the regulated substances, such as gasoline or diesel fuel, that are stored in any such UST system, as required by 40 C.F.R. § 280.32(a);

[k] have a viable mechanism in place to demonstrate financial responsibility for taking corrective action and for compensating third parties for bodily injury and

8

property damage caused by accidental releases arising from the operation of petroleum USTs, as required by 40 C.F.R. § 280.93(a); and

[l] maintain evidence of all financial responsibility mechanisms used to demonstrate financial responsibility for an UST until released from the requirements of 40 C.F.R. Part 280, Subpart H, under 40 C.F.R. § 280.113, as required by 40 C.F.R. § 280.111.

13.     Each of the Defendants shall timely, fully and properly respond to requests for information EPA has issued pursuant to Section 9005 of the Act, 42 U.S.C. § 6991d, and 40 C.F.R. § 280.34 to such Defendant(s) pertaining to any UST(s) in New York or New Jersey such Defendant(s) own and/or operate.

14.     For any UST(s) in New York or New Jersey owned and/or operated by any Defendant(s), such Defendant shall comply with any other applicable requirement or prohibition set forth in or promulgated pursuant to Subtitle I of the Act, 42 U.S.C. § 6991, including those requirements and prohibitions set forth in 40 C.F.R. Part 280.

15.     Permits.  Where any compliance obligation under this Section requires any Defendant(s) to obtain a federal, state, or local permit or approval, such Defendant(s) shall submit timely and complete applications and take all other actions necessary to obtain all such permits or approvals.  Such Defendant(s) may seek relief under the provisions of Section VIII (Force Majeure) for any delay in the performance of any such obligation resulting from a failure to obtain, or a delay in obtaining, any permit or approval required to fulfill such obligation, if such Defendant(s) has submitted timely and complete applications and has taken all other actions necessary to obtain all such permits or approvals.

16.     In the event that, during the term of this Consent Judgment, the Administrator of EPA (or his/her delegate) approves the State of New York, pursuant to Section 9004 of the Act,

42 U.S.C. § 6991e, to operate a UST program to regulate USTs, then the approved state UST regulations will be deemed to be the regulations applicable to those USTs located in New York State and shall replace the corresponding federal UST regulations cited in this Consent Judgment. In the event of an approved State UST program for the State of New York, EPA may enforce the approved state UST regulations pursuant to Section 9006 of the Act, 42 U.S.C. § 6991e.

17.     In the event that, during the term of this Consent Judgment, the Administrator of EPA (or his/her delegate) approves the State of New Jersey, pursuant to Section 9004 of the Act, 42 U.S.C. § 6991e, to operate a UST program to regulate USTs, then the approved state UST regulations will be deemed to be the regulations applicable to those USTs located in the State of New Jersey and shall replace the corresponding federal UST regulations cited in this Consent Judgment. In the event of an approved State UST program for New Jersey, EPA may enforce the approved state UST regulations pursuant to Section 9006 of the Act, 42 U.S.C. § 6991e.

18.     Defendants shall submit to EPA, by 90 days after the Effective Date, certifications that each UST owned and/or operated by any Defendant(s) at the Facilities is being maintained, operated and/or taken out of service in compliance with the applicable requirements for such USTs as set forth above. For any such UST not being so maintained, operated and/or taken out of service in compliance with the applicable requirements set forth above, Defendants shall submit a report in accordance with the following Paragraph.

19.     If for any UST(s) the Defendant(s) that owns(own) and/or operate(s) at the Facilities it/them is unable to submit a certification of compliance as required under the prior Paragraph of this Consent Judgment, such Defendant(s) shall instead submit to EPA, by the due date of the certification, a report: (a) identifying the specific UST(s) for which a certification was not provided; (b) describing the requirement(s) with which such UST(s) was not in compliance;

(c) describing the likely cause of any such non-compliance; (d) describing any required task(s) necessary to attain compliance.  Such Defendant(s) shall promptly correct all instances of non-compliance. When all such instances of non-compliance have been corrected, Defendants shall submit a follow-up report to EPA, within 60 days, certifying that the instances of non-compliance have been corrected and that the UST(s) in question is/are now being maintained and operated (or taken out of service) in full compliance with all applicable 40 C.F.R. Part 280 requirements.

## VI.    REPORTING REQUIREMENTS

20.    Defendants shall submit the following reports to EPA and DOJ at the addresses set forth in Section XIII (Notices):

a.    By July 31st and January 31st of each year after the lodging of this Consent Judgment, until termination of this Consent Judgment pursuant to Section XVII, Defendants shall submit through e-mail (in Portable Document Format ["PDF"]) a semi-annual report for the preceding six months that includes information on the 40 C.F.R. Part 280 compliance status of any UST any of the Defendants owns or operates in New York or New Jersey, and, for any such UST not fully in compliance, the Part 280 requirements with which it not in compliance, the nature of any such non-compliance, the length of time any such non-compliance has existed, the actions the owner or operator has taken (and will take) to attain compliance and the expected period of time until compliance has been attained.

b.    Any such report filed pursuant to this Paragraph shall also include (to the extent such information has not otherwise provided pursuant to sub-paragraph "a" of this Paragraph) a description of any instance of non-compliance with the requirements of this Consent Judgment and an explanation of the likely cause of such violation(s) and of the remedial steps taken, or to be taken, to prevent or minimize such violation(s). If any Defendant(s) violates, or has reason to

11

believe that it/they may violate, any requirement of this Consent Judgment, Defendants shall notify

DOJ and EPA of such violation(s) and its/their likely duration, in writing, within 10 business days

of the Day Defendants first becomes aware of the violation(s), with an explanation of its/their

likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such

violation(s).  If the cause(s) of a violation(s) cannot be fully explained at the time the report is due,

Defendants shall so state in the report.  Defendants shall investigate the cause of the violation(s)

and shall then submit an amendment to the report, including a full explanation of the cause(s) of

the violation(s), within 30 Days of the Day Defendants become aware of the cause of the

violation(s).  Nothing in this Paragraph or the following Paragraph relieves Defendants of the

obligation to provide the notice required by Section VIII (Force Majeure).

Whenever any violation(s) of this Consent Judgment or any other event affecting

Defendants' performance under this Consent Judgment may pose an immediate threat to the public

health or welfare or the environment, Defendants shall notify EPA by telephone ( Hiep Tran, 212-

637-4280) at or by email to EPA (tran.hiep@epa.gov) as soon as possible, but no later than 24

hours after any Defendant first knew of the violation or event.  This procedure is in addition to the

requirements set forth in the preceding Paragraph.

21.     Each report submitted by Defendants under this Section shall be signed by an

official of the submitting party and include the following certification:

> I certify under penalty of perjury that this document and all attachments were
> prepared under my direction or supervision in accordance with a system designed
> to assure that qualified personnel properly gather and evaluate the information
> submitted.  Based on my inquiry of the person or persons who manage the system,
> or those persons directly responsible for gathering the information, the information
> submitted is, to the best of my knowledge and belief, true, accurate, and complete.
> I have no personal knowledge that the information submitted is other than true,
> accurate, and complete.   I am aware that there are significant penalties for

submitting false information, including the possibility of fine and imprisonment for knowing violations.

22. This certification requirement does not apply to emergency or similar notifications where compliance would be impractical.

23. The reporting requirements of this Consent Judgment do not relieve Defendants of any reporting obligations required by the Act or the 40 C.F.R. Part 280 implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

24. Any information provided pursuant to this Consent Judgment may be used by the United States in any proceeding to enforce the provisions of this Consent Judgment and as otherwise permitted by law.

VII.    STIPULATED PENALTIES

25. Defendants shall be jointly and severally liable for stipulated penalties to the United States for violations of this Consent Judgment as specified below, unless excused under Section VIII (Force Majeure). A violation includes failing to perform any obligation required by the terms of this Consent Judgment according to all applicable requirements of this Consent Judgment and within the specified time schedules established by or approved under this Consent Judgment.

26. Late Payment of Civil Penalty. If Defendants fail to pay each installment of the civil penalty required to be paid under Section IV (Civil Penalty) when due, Defendants shall pay a stipulated penalty of $1,000.00 per Day for each Day that any payment is late.

27. Compliance Milestones: The following stipulated penalties shall accrue per violation per Day for any violation of the requirements identified in the sub-paragraphs of Paragraph 12, above:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $ 1,000.00 | 1st through 14th Day |
| $2,500.00 | 15th through 30th Day |
| $3,500.00 | 31st Day and beyond |

28.     Reporting Requirements.   The following stipulated penalties shall accrue per violation per Day for each violation of the reporting requirements of set forth in Section VI:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $ 750.00 | 1st through 14th Day |
| $1,500.00 | 15th through 30th Day |
| $2,500.00 | 31st Day and beyond |

29.     Transfer of Ownership.  If Defendants fail to: (a) provide a copy of this Consent Judgment to any proposed transferee; (b) provide written notice to the United States at least 30 Days prior to any transfer of any portion of the Facility; or (c) provide to EPA an executed copy of the written agreement with the transferee as required by Paragraph 4, Defendants shall pay the following stipulated penalties, which shall accrue per violation per Day for each violation set forth in this paragraph:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $ 750.00 | 1st through 14th Day |
| $1,500.00 | 15th through 30th Day |
| $2,500.00 | 31st Day and beyond |

30.     Stipulated penalties under this Section shall begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases.  Stipulated penalties shall accrue simultaneously for separate violations of this Consent Judgment.

14

31.     Defendants shall pay any stipulated penalty within 30 Days of receiving the United States' written demand.

32.      The United States may in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Judgment.

33.     Stipulated penalties shall continue to accrue as provided in Paragraph 30, during any Dispute Resolution, but need not be paid until the following:

a.      If the dispute is resolved by agreement of the Parties or by a decision of EPA that is not appealed to the Court, Defendants shall pay accrued penalties determined to be owing, together with interest, to the United States within 30 Days of the effective date of the agreement or the receipt of EPA's decision or order.

b.      If the dispute is appealed to the Court and the United States prevails in whole or in part, Defendants shall pay all accrued penalties determined by the Court to be owing, together with interest, within 60 Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

c.      If any Party appeals the District Court's decision or order, Defendants shall pay all accrued penalties determined to be owing, together with interest, within 15 Days of receiving the final appellate court decision.

34.     <u>Obligations Prior to the Effective Date</u>.  Upon the Effective Date, the stipulated penalty provisions of this Consent Judgment shall be retroactively enforceable with regard to any and all violations of Paragraph 12 that have occurred prior to the Effective Date, provided that stipulated penalties that may have accrued prior to the Effective Date may not be collected unless and until this Consent Judgment is entered by the Court.

35.     Defendants shall pay stipulated penalties owing to the United States in the manner set forth in Paragraph 9 and with the confirmation notices required by Paragraph 10, except that the transmittal letter shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

36.     If Defendants fail to pay stipulated penalties according to the terms of this Consent Judgment, Defendants shall be jointly and severally liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.  Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendants' failure to pay any stipulated penalties.

37.     The payment of penalties and interest, if any, shall not alter in any way Defendants' obligation to complete the performance of the requirements of this Consent Judgment.

38.     <u>Non-Exclusivity of Remedy</u>.  Stipulated penalties are not the United States' exclusive remedy for violations of this Consent Judgment. Subject to the provisions of Section XI(Effect of Settlement/Reservation of Rights), the United States expressly reserves the right to seek any other relief it deems appropriate for Defendants' violation(s) of this Consent Judgment or applicable law, including but not limited to an action against Defendants for statutory penalties, additional injunctive relief, mitigation or offset measures, and/or contempt.  However, the amount of any statutory penalty assessed for a violation of this Consent Judgment shall be reduced by an amount equal to the amount of any stipulated penalty assessed and paid pursuant to this Consent Judgment.

VIII.   FORCE MAJEURE

39.     "Force majeure," for purposes of this Consent Judgment, is defined as any event arising from causes beyond the control of Defendants, of any entity controlled by Defendants, or

of Defendants' contractors, that delays or prevents the performance of any obligation under this Consent Judgment despite Defendants' best efforts to fulfill the obligation.  The requirement that Defendants exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any potential force majeure event (a) as it is occurring and (b) following the potential force majeure, such that the delay and any adverse effects of the delay are minimized.  "Force Majeure" does not include Defendants' financial inability to perform any obligation under this Consent Judgment.

40.    If any event occurs or has occurred that may delay the performance of any obligation under this Consent Judgment, whether or not caused by a force majeure event, Defendant(s) shall provide notice by telephone to EPA at 212-637-4280 (Hiep Tran) or by email to tran.hiep@epa.gov, within 72 hours of when any Defendant first knew that the event might cause a delay.  Within seven Days thereafter, Defendant(s) shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; Defendants' rationale for attributing such delay to a force majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of Defendant(s), such event may cause or contribute to an endangerment to public health, welfare or the environment. Defendant(s) shall include with any notice all available documentation supporting the claim that the delay was attributable to a force majeure.  Failure to comply with the above requirements shall preclude any Defendant(s) from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. Defendants shall be deemed to know of any

circumstance of which any Defendant, any entity controlled by any Defendant, or any of the Defendants' contractors knew or should have known.

41.     If EPA agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Judgment that are affected by the force majeure event will be extended by EPA for such time as is necessary to complete those obligations. An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation.  EPA will notify Defendants in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

42.     If EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify Defendants in writing of its decision.

43.     If Defendants elect to invoke the dispute resolution procedures set forth in Section IX (Dispute Resolution), they shall do so no later than 15 Days after receipt of EPA's notice.   In any such proceeding, Defendants shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Defendants complied with the requirements of Paragraphs 39 and 40.  If Defendants carry this burden, the delay at issue shall be deemed not to be a violation by Defendants of the affected obligation of this Consent Judgment identified to EPA and the Court.

IX.     DISPUTE RESOLUTION

44.     Unless otherwise expressly provided for in this Consent Judgment, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising

under or with respect to this Consent Judgment. Defendants' failure to seek resolution of a dispute under this Section shall preclude Defendants from raising any such issue as a defense to an action by the United States to enforce any obligation of Defendants arising under this Consent Judgment.

45. <u>Informal Dispute Resolution</u>.  Any dispute subject to Dispute Resolution under this Consent Judgment shall first be the subject of informal negotiations. The dispute shall be considered to have arisen when Defendants send DOJ and EPA a written Notice of Dispute.  Such Notice of Dispute shall state clearly the matter in dispute. The period of informal negotiations shall not exceed 20 Days from the date the dispute arises, unless that period is modified by written agreement. If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within 10 Days after the conclusion of the informal negotiation period, Defendants invoke formal dispute resolution procedures as set forth below.

46. <u>Formal Dispute Resolution</u>.  Defendants shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by sending DOJ and EPA a written Statement of Position regarding the matter in dispute. The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendants' position and any supporting documentation relied upon by Defendants.

47. The United States will send Defendants its Statement of Position within 45 Days of receipt of Defendants' Statement of Position. The United States' Statement of Position is to include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States. The United States' Statement of Position is binding on Defendants, unless Defendants file a motion for judicial review of the dispute in accordance with the following Paragraph.

19

48.     _Judicial Dispute Resolution_.  Defendants may seek judicial review of the dispute by filing with the Court and serving on the United States a motion requesting judicial resolution of the dispute. The motion must be filed within 10 Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph. The motion shall contain a written statement of Defendants' position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Judgment.

49.     The United States shall respond to Defendants' motion within the time period allowed by the Local Rules of this Court. Defendants may file a reply memorandum, to the extent permitted by the Local Rules.

50.     Standard of Review

a.      _Disputes Concerning Matters Accorded Record Review_. Except as otherwise provided in this Consent Judgment, in any dispute brought under Paragraph 46 pertaining to the adequacy of the performance of work undertaken pursuant or in accordance with this Consent Judgment and all other disputes that are accorded review on the administrative record under applicable principles of administrative law, Defendants shall have the burden of demonstrating, based on the administrative record, that the position of the United States is arbitrary and capricious or otherwise not in accordance with law.

b.      _Other Disputes_.  Except as otherwise provided in this Consent Judgment, in any other dispute brought under Paragraph 48, Defendants shall bear the burden of demonstrating that their position complies with this Consent Judgment and better furthers the objectives of this Consent Judgment.

51.     The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Defendants under this Consent Judgment, unless and until final resolution of the dispute so provides. Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 33. If Defendants do not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VII (Stipulated Penalties).

X.     INFORMATION COLLECTION AND RETENTION

52.     The United States and its representatives, including attorneys, contractors, and consultants, shall have the right of entry into any Facility covered by this Consent Judgment, at all reasonable times, upon presentation of credentials, to:

a.     monitor the progress of activities required under this Consent Judgment;

b.     verify any data or information submitted to the United States in accordance with the terms of this Consent Judgment;

c.     obtain samples and, upon request, splits of any samples taken by Defendants or their representatives, contractors, or consultants;

d.     obtain documentary evidence, including photographs and similar data; and

e.     assess Defendants' compliance with this Consent Judgment.

53.     Upon request, Defendants shall provide EPA or its authorized representatives splits of any samples taken by Defendants.  Upon request, EPA shall provide Defendants splits of any samples taken by EPA.

54.     Until five years after the termination of this Consent Judgment, Defendants shall retain, and shall instruct their contractors and agents to preserve, all non-identical copies of all

21

documents, records, or other information (including documents, records, or other information in electronic form) in their or their contractors' or agents' possession or control, or that come into their or their contractors' or agents' possession or control, and that relate in any manner to Defendants' performance of the obligations under this Consent Judgment. This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures. At any time during this information-retention period, upon request by the United States, Defendants shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

55.     At the conclusion of the information-retention period provided in the preceding Paragraph, Defendants shall notify the United States at least 90 Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the United States, Defendants shall deliver any such documents, records, or other information to EPA.  Defendants may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law. If Defendants assert such a privilege, they shall provide the following:  (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the name and title of each author of the document, record, or information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document, record, or information; and (f) the privilege asserted by Defendants.  However, no documents, records, or other information created or generated pursuant to the requirements of this Consent Judgment shall be withheld on grounds of privilege.

56.     Defendants may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2.  As to

any information that Defendants seek to protect as CBI, Defendants shall follow the procedures set forth in 40 C.F.R. Part 2.

57.    This Consent Judgment in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of Defendants to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## XI.    EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

58.    This Consent Judgment resolves the civil claims of the United States for the violations alleged in the Complaint filed in this action through the date of lodging.

59.    The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Judgment. This Consent Judgment shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Act or the 40 C.F.R. Part 280 implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly specified in Paragraph 58. The United States further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, any of the Facilities at which any of the Defendants owns and/or operates USTs, whether related to the violations addressed in this Consent Judgment or otherwise.

60.    In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to any of the Facilities at which any of the Defendants owns and/or operates USTs, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral

23

estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 58.

61.     This Consent Judgment is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations. Defendants are responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Defendants' compliance with this Consent Judgment shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Judgment, warrant or aver in any manner that Defendants' compliance with any aspect of this Consent Judgment will result in compliance with provisions of the Act, 42 U.S.C. § 6991 *et seq.*, or with any other provisions of federal, State, or local laws, regulations, or permits.

62.     This Consent Judgment does not limit or affect the rights of Defendants or of the United States against any third parties, not party to this Consent Judgment, nor does it limit the rights of third parties, not party to this Consent Judgment, against Defendants, except as otherwise provided by law.

63.     This Consent Judgment shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Judgment.

XII.    COSTS

64.     The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees)

incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendants.

## XIII.   NOTICES

65.     Unless otherwise specified in this Consent Judgment, whenever notifications, submissions, or communications are required by this Consent Judgment, they shall be made in writing and sent by mail or email, with a preference for email), addressed as follows:

| | |
|---|---|
| As to the United States: | Jolie Apicella<br>Paulina Stamatelos<br>Assistant U.S. Attorneys<br>271 Cadman Plaza East<br>Brooklyn, NY  11201 |
| As to DOJ by email (preferred): | eescdcopy.enrd@usdoj.gov<br>Re: DJ # **90-7-1-11202** |
| As to DOJ by mail: | EES Case Management Unit<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, D.C.  20044-7611<br>Re: DJ # **90-7-1-11202** |
| As to EPA: | Hiep Tran, Enforcement Officer<br>U.S. Environmental Protection Agency<br>Enforcement and Compliance Assurance Division<br>290 Broadway, 21st floor<br>New York, New York 10007-1866<br>tran.hiep@epa.gov |
| As to Defendant: | Robert R. Dooley, Esq.<br>McGiff Halverson Dooley LLP<br>96 South Ocean Avenue, 2nd Floor<br>Patchogue, NY 11772 |

66.     For the notices under this Section and any notifications provided under other Sections, any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

25

67.     Notices submitted pursuant to this Section shall be deemed submitted upon mailing or transmission by email, unless otherwise provided in this Consent Judgment or by mutual agreement of the Parties in writing.

XIV.   EFFECTIVE DATE

68.     The Effective Date of this Consent Judgment shall be the date upon which this Consent Judgment is entered by the Court or a motion to enter the Consent Judgment is granted, whichever occurs first, as recorded on the Court's docket; provided, however, that Defendants hereby agree that they shall be bound to perform duties scheduled to occur prior to the Effective Date.  In the event the United States withdraws or withholds consent to this Consent Judgment before entry, or the Court declines to enter the Consent Judgment, then the preceding requirement to perform duties scheduled to occur before the Effective Date shall terminate.

XV.    RETENTION OF JURISDICTION

69.     The Court shall retain jurisdiction over this case until termination of this Consent Jurisdiction, for the purpose of resolving disputes arising under this Consent Judgment or entering orders modifying this Consent Judgment, pursuant to Sections IX and XVI or effectuating or enforcing compliance with the terms of this Consent Judgment.

XVI.   MODIFICATION

70.     The terms of this Consent Judgment, including any attached appendices, may be modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to this Consent Judgment, it shall be effective only upon approval by the Court.

71.     Any disputes concerning modification of this Consent Judgment shall be resolved pursuant to Section IIX (Dispute Resolution), provided, however, that, instead of the burden of

26

proof provided by Paragraph 50, the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XVII.   TERMINATION

72.     After Defendants have satisfied the requirements of Section V (Compliance Requirements) and have thereafter maintained continuous and satisfactory compliance with the requirements of 40 C.F.R. Part 280 for a period of three years, and have paid the civil penalty in full and any accrued stipulated penalties as required by this  Consent Judgment, Defendants may serve upon the United States a Request for Termination, stating that Defendants have satisfied those requirements, together with all necessary supporting documentation.

73.     Following receipt by the United States of Defendants' Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Defendants have satisfactorily complied with the requirements for termination of this Consent Judgment. If the United States agrees that the Consent Judgment may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Consent Judgment.

74.     If the United States does not agree that the Consent Judgment may be terminated, Defendants may invoke Dispute Resolution under Section IX. However, Defendants shall not seek Dispute Resolution of any dispute regarding termination until 30 Days after service of the Request for Termination.

## XVIII. PUBLIC PARTICIPATION

75.     This Consent Judgment shall be lodged with the Court for a period of not less than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States

reserves the right to withdraw or withhold its consent if the comments regarding the Consent Judgment disclose facts or considerations indicating that the Consent Judgment is inappropriate, improper, or inadequate.  Defendants consent to entry of this Consent Judgment without further notice and agree not to withdraw from or oppose entry of this Consent Judgment by the Court or to challenge any provision of the Consent Judgment, unless the United States has notified Defendants in writing that it no longer supports entry of the Consent Judgment.

XIX.   SIGNATORIES/SERVICE

76.    Each undersigned representative of Defendants and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice, identified on the DOJ signature page below, certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Judgment and to execute and legally bind the Party he or she represents to this document.

77.    This Consent Judgment may be signed in counterparts, and its validity shall not be challenged on that basis. Defendants agree to accept service of process by mail with respect to all matters arising under or relating to this Consent Judgment and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

XX.   INTEGRATION

78.    This Consent Judgment, including deliverables that are subsequently approved pursuant to it, constitutes the entire agreement between the Parties regarding the subject matter of the Consent Judgment and supersedes any prior representations, agreements and understandings, whether oral or written, concerning the subject matter of this Consent Judgment.

## XXI.   FINAL JUDGMENT

79.     Upon approval and entry of this Consent Judgment by the Court, this Consent Judgment shall constitute a final judgment of the Court as to the United States and Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

## XXII.   26 U.S.C. § 162(f)(2)(A) IDENTIFICATION

80.     For purposes of the identification requirement of Section 162(f)(2)(A) of the Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A), performance of Section II (Applicability), Paragraphs 4-5; Section V (Compliance Requirements), Paragraphs 12-15, 18-19; Section VI (Reporting Requirements), Paragraphs 20 and 21; and Section X (Information Collection and Retention), Paragraphs 53-54 is restitution or required to come into compliance with law.

## XXIII.   APPENDIX

81.     The following Appendix is attached to and part of this Consent Judgment: "Appendix A" lists the Facilities.


Dated and entered this 24 day of May 2022 at Central Islip, New York.

/s/ JOANNA SEYBERT
U.S. District Judge, E.D.N.Y.

29

FOR THE UNITED STATES OF AMERICA:

Nathaniel Douglas
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, DC  20044-7611

BREON PEACE
United States Attorney

_Jolie Apicella_
Jolie Apicella
Paulina Stamatelos
Assistant United States Attorneys
Eastern District of New York

March 21, 2022
Date

31

FOR THE U.S. ENVIRONMENTAL PROTECTION
AGENCY:

## Simon, Paul
Digitally signed by Simon, Paul
Date: 2022.03.15 09:00:55 -04'00'

Paul Simon
Acting Regional Counsel
U.S. Environmental Protection Agency, Region 2
290 Broadway, 17th Floor
New York City, NY 10007-1866

## Spielmann, Lee
Digitally signed by Spielmann, Lee
Date: 2022.03.15 07:47:57 -04'00'

Lee A. Spielmann
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 2
290 Broadway, 16th Floor
New York City, NY 10007-1866

FOR DEFENDANTS:

March 16, 2022
_____
Date                                  _____
                                      Robert R. Dooley, Attorney for Defendants

**Appendix A**

1.      2664 Route 112, Medford, NY
2.      607 Station Road, Bellport, NY
3.      87 North Country Road, Miller Place, NY
4.      616 Route 110 (Broadway Road), Amityville, NY
5.      199 East Sunrise Highway, Freeport, NY
6.      131 West Merrick Road, Freeport, NY
7.      465 Nassau Road, Roosevelt, NY
8.      11 Station Road, Bellport, NY
9.      315 Route 112, Port Jefferson, NY
10.    1575 Route 112, Port Jefferson, NY
11.    4290 Austin Blvd., Island Park, NY
12.    303 Maple Avenue in Smithtown, NY
13.    2394 Boston Post Road, Larchmont, NY
14.    2149 Boston Post Road, Larchmont, NY
15.    747 Main Street, New Rochelle, NY
16.    8012 Tonnelle Avenue, North Bergen, NJ
17.    2 Marlton Pike W, Cherry Hill, NJ
18.    4915 Route 130 & Browning Road, Pennsauken, NJ
19.    1422 W. Landis Avenue, Vineland, NJ
20.    520 E. Commerce Street, Bridgeton, NJ
21.    3731 Bay Shore Road, Lower Township, NJ
22.    515 S. Pennsville-Auburn Road, Carneys Point, NJ
23.    632 2nd Avenue, Long Branch, NJ
24.    379 Quaker Church Road, Randolph, NJ
25.    1839 Admiral Wilson Blvd., Camden, NJ
26.    509 Route 47S, Cape May, NJ
27.    1651 Route 38 & 464 Pine Street, Mount Holly, NJ
28.    615 Pearl Street N., Bridgeton, NJ
29.    3422 S. Delsea Drive, Vineland, NJ